IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

ANNETTE ADKINS,

     Plaintiff,

v.

ROCKY MOUNT HEALTH &
REHAB CENTER, LLC,

Serve:
     CT Corporation System,
     Registered Agent
     4701 Cox Rd., Suite 285
     Glen Allen, VA 23060

and

SABER HEALTHCARE GROUP, LLC,

Serve:
     26691 Richmond Road
     Bedford Heights, OH 44146

and

ROCKY MOUNT REHABILITATION
HEALTHCARE CENTER, LLC,

Serve:
     Corporation Service Company,
     Registered Agent
     100 Shockoe Slip Fl 2
     Richmond, VA 23219

     Defendants.

Case No:   7:20cv696

JURY TRIAL DEMAND

## COMPLAINT

COMES NOW, Plaintiff Annette Adkins ("Ms. Adkins" or "Plaintiff"), by counsel,

and states as her Complaint against Defendants Rocky Mount Rehabilitation Healthcare

Center, LLC ("Rocky Mount"), Saber Healthcare Group, LLC ("Saber"), and Rocky Mount Health & Rehab Center, LLC ("RMH") (collectively, "Defendants"), the following:

## I. JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter as it arises from the federal questions presented by the Age Discrimination in Employment Act, as codified under Title 29 U.S.C. §§ 621 through 634 ("ADEA"), and the Americans with Disabilities Act, as codified under Title 42 U.S.C. §§ 12101 *et seq.*, and the ADA Amendments Act of 2008 ("ADA"). *See generally* 28 U.S.C. § 1331; 28 U.S.C. § 1343(a)(4).

2.      Venue is appropriate as the acts and/or omissions of Defendants from which the causes of action arise, occurred within the Western District of Virginia, Roanoke Division. *See* 28 U.S.C. § 1391(b)(2).

3.      Due to their contacts within the Commonwealth of Virginia, Defendants avail themselves to the jurisdiction of this Court.

4.      Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a Dismissal and Notice of Rights from the EEOC dated September 1, 2020, attached hereto as **EXHIBIT A**. Plaintiff files suit within ninety (90) days of receipt of that Dismissal and Notice of Rights.

## II. THE PARTIES

5.      Ms. Adkins was born in 1957[1] and is a resident of Rocky Mount, Virginia.

---

[1] Ms. Adkins' exact date of birth is not included due to privacy concerns, and due to filing requirements as per the United States District Court Western District of Virginia Local Rules.

6.      Rocky Mount, formerly known as Trinity Mission of Rocky Mount, is located in Rocky Mount, Virginia and was acquired by RMH on or about August 31, 2018 (hereinafter, the "Acquisition").

7.      Upon information and belief, RMH is the entity name under which Saber operates in the Commonwealth of Virginia.

8.      Saber is headquartered in Bedford Heights, Ohio, and Saber owns and operates skilled nursing and rehabilitation facilities in several states.

9.      RMH shares the same principle office address as Saber.

### III. FACTUAL ALLEGATIONS

10.      Ms. Adkins, currently 63 years of age, began working for Rocky Mount on or about September 5, 1989.

11.      Ms. Adkins, who is disabled due to a 2008 workplace injury, worked on a consistent, full-time basis for Rocky Mount for nearly 29 years as a Certified Nursing Assistant until her unlawful termination, and Saber's and/or RMH's related failure to hire Ms. Adkins, that occurred in conjunction with the Acquisition in 2018.

**A.  Injury on the Job and Rendered Disabled**

12.      Ms. Adkins suffers the long-term effects of a rotator cuff injury suffered during a December 17, 2008 shift at Rocky Mount that required shoulder arthroplasty surgery and has resulted in permanent restrictions for Ms. Adkins.

13.      At all times relevant, Defendants were aware of Ms. Adkins' disability.

14.      Ms. Adkins' disability impairs several of her daily life activities and/or functions, including Ms. Adkins' lifting ability and use of her right arm.

15.      However, Ms. Adkins could perform the essential functions of her position with Rocky Mount, as well as the essential functions of the equivalent positions available

with Saber and/or RMH subsequent to the Acquisition, with or without an accommodation for her disability, as the case may be with regard to each essential function of her job.

### B. Plaintiff's Work History Replete with Positive Work Performance

16.    Indeed, prior to the loss of her employment, Ms. Adkins received excellent performance reviews, and her work performance consistently met or exceeded Rocky Mount's expectations of her.

17.    Despite Ms. Adkins' excellent work performance, Defendants, who, upon information and belief, worked together to make the employment decisions related to the Acquisition, held a discriminatory animus towards Ms. Adkins, and subjected her to age and disability-related discrimination — ultimately resulting in Ms. Adkins' wrongful termination by Rocky Mount on August 29, 2018 and Saber's and/or RMH's related failure to hire Ms. Adkins.

### C. Saber Moves In: No Disabled Employees Allowed to Work

18.    Specifically, in or about August of 2018, Ms. Adkins was informed by another Rocky Mount employee that Saber and/or RMH preferred young, non-disabled employees and did not intend to retain older, "light duty" employees, such as Ms. Adkins, subsequent to the Acquisition. Upon information and belief, "light duty" employee was Saber and/or RMH's code word for "disabled" employee.

19.    This "rumor" was soon confirmed, and Ms. Adkins' employment was terminated shortly thereafter.

20.    Indeed, during a meeting held on or about August 28, 2018, Paul Poff, Ms. Adkins' supervisor, provided Ms. Adkins and other Rocky Mount employees with a Saber and/or RMH employment manual and application for employment.

21.     The next day, on or about August 29, 2018, Ms. Adkins met with Mr. Poff and Office Manager Lisa Shepard to submit her Saber and/or RMH application.

### D. If You Were Injured on the Job, You Cannot Work with Saber

22.     During this meeting, Mr. Poff informed Ms. Adkins that Saber and/or RMH would not "pick up" Rocky Mount employees with workers' compensation benefits because Saber would not "create a special job" for these employees.

23.     Ms. Adkins understood Mr. Poff's comments to mean that Saber and/or RMH would not hire disabled employees.

24.     Moreover, upon information and belief, if hired, Ms. Adkins — like other retained Rocky Mount employees — would simply continue to successfully perform her longstanding duties and responsibilities at the facility, and Saber and/or RMH would not need to create a new light duty role or reallocate the essential functions of Ms. Adkins' position.

25.     However, Ms. Adkins was informed that Saber and/or RMH would not have a position for her subsequent to the Acquisition and that Ms. Adkins' employment with Rocky Mount would be terminated that day.

26.     Neither Mr. Poff nor Ms. Shepard offered Ms. Adkins any other reason for Ms. Adkins' August 29, 2018 termination, which, accordingly, occurred under circumstances that raise a reasonable inference of unlawful discrimination based upon Ms. Adkins' age and/or disability and is indicative of Defendants' pattern and practice of discrimination and bias against older, disabled employees.

27.     Upon information and belief, Saber and/or RMH failed to hire at least one other older Rocky Mount employee with light duty restrictions, Dawn Davis, who also was terminated by Rocky Mount in or about August of 2018.

28.     Moreover, upon information and belief, Ms. Adkins' position at Rocky Mount was taken over by a non-disabled person who is younger than Ms. Adkins.

29.     At the time of her termination from employment, Ms. Adkins was protected from age and disability discrimination by the ADEA and the ADA.

30.     Upon information and belief, Defendants fostered a work environment charged with discrimination and hostile to Ms. Adkins and other ADEA and ADA-protected employees, unlawfully discriminated against and/or terminated and/or failed to hire Ms. Adkins, a now 63 year old, qualified individual with a recognized disability pursuant to the ADA, and would not have taken these discriminatory actions against her, but for her age and disability.

31.     Rather, Ms. Adkins' loss of employment was merely a pretext to unlawful discrimination by Defendants and occurred under circumstances that raise a reasonable inference of unlawful discrimination based upon her age and/or disability.

32.     Because the actions taken by employees of Defendants were taken within the scope of their employment, Defendants are responsible for their actions based upon the doctrine of *respondeat superior.*

## IV. CLAIMS

### COUNT I:  CLAIM FOR DISCRIMINATION IN VIOLATION OF THE ADEA

33.     Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

34.     At the time of her loss of employment, Plaintiff was 60 years of age, and protected from age discrimination by the ADEA.

35.     Prior to Plaintiff's loss of employment, Plaintiff was performing her work at a satisfactory level and meeting the legitimate business expectations of her employer.

36.     During her employment with Rocky Mount, and related application process for a position with Saber and/or RMH, Plaintiff experienced unwelcome discrimination based upon her age.

37.     Specifically, Defendants subjected Plaintiff to discrimination by unlawfully terminating her employment and failing to hire Plaintiff – events that occurred in conjunction with the Acquisition – and by treating Plaintiff differently, and less preferably than similarly situated younger employees, ultimately resulting in the loss of Plaintiff's employment.

38.     Defendants would not have created the conditions that led to Plaintiff's loss of employment, or taken the other discriminatory actions against her, but for Plaintiff's age.

39.     Any reasons cited by Defendants for Plaintiff's loss of employment were pretextual as Plaintiff's work performance was meeting Defendants' legitimate business expectations.

40.     Upon information and belief, Plaintiff's job duties were taken over by one or more employees of Defendants, all of whom are younger than Plaintiff.

41.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

42.     At all times material hereto, Defendants engaged in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of Plaintiff so as to support an award of liquidated damages.

43.     The above-described acts by Defendants and employees of Defendants constitute age discrimination in violation of the Age Discrimination in Employment Act, as codified under Title 29 U.S.C. §§ 621 through 634 ("ADEA").

## COUNT II:  CLAIM FOR FAILURE TO HIRE IN VIOLATION OF THE ADEA

44.     Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

45.     At the time of Defendants' unlawful failure to hire Plaintiff, Plaintiff was 60 years of age, and protected from age discrimination by the ADEA.

46.     During her employment with Rocky Mount, and related application process for a position with Saber and/or RMH, Plaintiff experienced unwelcome discrimination based upon her age.

47.     Defendants discriminated against Plaintiff by refusing to hire her for an open employment position, despite her significant experience and qualifications, and instead intentionally hired persons outside the protected class for these positions.

48.     Accordingly, Defendants had no legitimate reason for their concerted refusal to consider Plaintiff for their available employment positions, and Defendants' failure to hire Plaintiff occurred under circumstances that raise a reasonable inference of unlawful discrimination, based upon Plaintiff's age.

49.     Defendants would not have failed to hire Plaintiff, or taken the other discriminatory actions against her, but for Plaintiff's age.

50.     As a direct and proximate result of these actions, Plaintiff has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

51.     At all times material hereto, Defendants engaged in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of Plaintiff so as to support an award of liquidated damages.

52.     The above-described acts by Defendants and employees of Defendants constitute age discrimination, in the form of a failure to hire claim, in violation of the Age Discrimination in Employment Act, as codified under Title 29 U.S.C. §§ 621 through 634.

## COUNT III: CLAIM FOR DISCRIMINATION IN VIOLATION OF THE ADA

53.     Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

54.     At all times relevant to this Complaint, Plaintiff was a qualified individual with a disability, pursuant to the ADA.

55.     Specifically, Plaintiff suffers from the long term effects of a 2008 workplace rotator cuff injury that required shoulder arthroplasty surgery, and resulted in permanent restrictions for her – a recognized disability under the ADA that impairs certain of Plaintiff's daily life activities and/or functions.

56.     In the alternative, Plaintiff was regarded by Defendants as having such impairments.

57.     At all times relevant, however, Plaintiff could perform the essential functions of her position, and the position(s) to which she was applying, with or without an accommodation.

58.     Prior to Plaintiff's loss of employment, Plaintiff was performing her work at a satisfactory level and meeting the legitimate business expectations of her employer.

59.     During her employment with Rocky Mount, and related application process for a position with Saber and/or RMH, Plaintiff experienced unwelcome discrimination based upon her disability.

60.     Specifically, Defendants subjected Plaintiff to discrimination by unlawfully terminating her employment and failing to hire Plaintiff and other disabled employees — events that occurred in conjunction with the Acquisition — and by treating Plaintiff differently, and less preferably than similarly situated non-disabled employees, ultimately resulting in the loss of Plaintiff's employment.

61.     Defendants would not have created the conditions that led to Plaintiff's loss of employment, nor taken other discriminatory actions against her, but for Plaintiff's disability.

62.     Any reasons given by Defendants for their treatment of Plaintiff were pretextual, as Plaintiff's work performance met her employer's legitimate expectations.

63.     Plaintiff's loss of employment occurred under circumstances that raise a reasonable inference of unlawful discrimination based upon her disability.

64.     Upon information and belief, Defendants' actions were taken on account of Plaintiff's disabilities, rather than for her filing a worker's compensation claim approximately 10 years prior to her termination.

65.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

66.     At all times material hereto, Defendants engaged in unlawful or discriminatory practices with malice or reckless indifference to the federally protected rights of Plaintiff so as to support an award of punitive damages.

67.     The above-described acts by Defendants and employees of Defendants constitute disability discrimination in violation of the Americans with Disabilities Act, as codified under Title 42 U.S.C. §§ 12101 *et seq.*, and the ADA Amendments Act of 2008 ("ADA").

## COUNT IV: CLAIM FOR FAILURE TO HIRE IN VIOLATION OF THE ADA

68.     Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

69.     At the time of Defendants' unlawful failure to hire Plaintiff, Plaintiff was a qualified individual with a disability, pursuant to the ADA.

70.     Specifically, Plaintiff suffers from the long term effects of a 2008 workplace rotator cuff injury that required shoulder arthroplasty surgery, and resulted in permanent restrictions for her — a recognized disability under the ADA that impairs certain of Plaintiff's daily life activities and/or functions.

71.     In the alternative, Plaintiff was regarded by Defendants as having such impairments.

72.     At all times relevant, however, Plaintiff could perform the essential functions of her position, and the position(s) to which she was applying, with or without an accommodation.

73.     During her employment with Rocky Mount, and related application process for a position with Saber and/or RMH, Plaintiff experienced unwelcome discrimination based upon her disability.

74.     Defendants discriminated against Plaintiff by refusing to hire her for an open employment position, despite her significant experience and qualifications, and instead intentionally hired persons outside the protected class for these positions.

75.     Accordingly, Defendants had no legitimate reason for their concerted refusal to consider Plaintiff for their available employment positions, and Defendants' failure to hire Plaintiff occurred under circumstances that raise a reasonable inference of unlawful discrimination, based upon Plaintiff's disability.

76.     Defendants would not have failed to hire Plaintiff, or taken the other discriminatory actions against her, but for Plaintiff's disability.

77.     Upon information and belief, Defendants' actions were taken on account of Plaintiff's disabilities, rather than for her filing a worker's compensation claim approximately 10 years prior to her failure to hire.

78.     As a direct and proximate result of these actions, Plaintiff has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

79.     At all times material hereto, Defendants engaged in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of Plaintiff so as to support an award of liquidated damages.

80.     The above-described acts by Defendants and employees of Defendants constitute disability discrimination, in the form of a failure to hire claim, in violation of the Americans with Disabilities Act, as codified under Title 42 U.S.C. §§ 12101 *et seq.*, and the ADA Amendments Act of 2008 ("ADA").

WHEREFORE, Plaintiff Annette Adkins prays for judgment against Defendants Rocky Mount Rehabilitation Healthcare Center, LLC, Saber Healthcare Group, LLC , and Rocky Mount Health & Rehab Center, LLC, , jointly and severally, and for equitable relief, compensatory, liquidated and/or punitive damages, together with prejudgment interest

from the date of Ms. Adkins' termination from employment, and for costs and attorneys'

fees, and for such other and further relief as may be just and equitable.

TRIAL BY JURY IS DEMANDED.

Respectfully Submitted,

**ANNETTE ADKINS**

/s/ Thomas E. Strelka_____
Thomas E. Strelka, Esq. (VSB# 75488)
L. Leigh R. Strelka, Esq. (VSB # 73355)
N. Winston West, IV, Esq. (VSB # 92598)
Brittany M. Haddox, Esq. (VSB # 86416)
Monica L. Mroz, Esq. (VSB #65766)
STRELKA EMPLOYMENT LAW
Warehouse Row
119 Norfolk Avenue, S.W., Suite 330
Roanoke, VA  24011
Tel:  540-283-0802
thomas@strelkalaw.com
leigh@strelkalaw.com
winston@strelkalaw.com
brittany@strelkalaw.com
monica@strelkalaw.com

*Counsel for Plaintiff*